**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**MARTINS OCHOLI,**

        **Plaintiff,**

  **v.**                                               **Case No. 11-C-0310**

**SKYWEST AIRLINES,**

        **Defendant.**

---

## DECISION AND ORDER

---

The pro se Plaintiff Martins Ocholi ("Ocholi") filed this employment discrimination action against his employer, Defendant SkyWest Airlines ("SkyWest"). In an April 8, 2011, Order addressing Ocholi's motion to proceed *in forma pauperis* in this action the Court construed Ocholi's Complaint as alleging that SkyWest discriminated against Ocholi based on his wife's race. That Order also referred to SkyWest as Ocholi's "former employer." However, Ocholi has advised the Court that he is "still an employee of SkyWest." (*See* Pl.'s Resp. Def.'s Mot. Dismiss ¶ 12.)

This Decision and Order addresses SkyWest's motion to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim, respectively. SkyWest asserts that the

action must be dismissed because the administrative complaint that Ocholi filed with the Equal Employment Opportunities Commission ("EEOC") did not allege discrimination against him based on his wife's race. In support of its motion, SkyWest proffers an affidavit with attached exhibits.

The Title VII requirement for filing a charge with the EEOC does not limit jurisdiction. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). As such, the Court considers SkyWest's motion under Rule 12(b)(6). *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000).

When reviewing a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all well-pled facts alleged, taking judicial notice of matters within the public record, and drawing all reasonable inferences in the plaintiff's favor." *Id.* The exhibits that SkyWest relies on as a basis for its motion to dismiss are matters within the public record – Ocholi's charge of discrimination and his notice of dismissal and of right to sue. Consequently, they may be considered by the Court without converting SkyWest's motion to a motion for summary judgment. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005).

As a general rule, a Title VI plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Alexander v. Gardner-Denver, Co.*, 415 U.S. 36, 47 (1974); *Moore v. Vital Prods. Inc.*, 641 F.3d 253, 256 (7th Cir. 2011); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The rule serves a dual purpose. It affords the EEOC and

2

the employer an opportunity to settle the dispute through conference, conciliation and persuasion. *Alexander*, 415 U.S. at 44. It also gives the employer some warning of the conduct about which the employee is aggrieved. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply. *Cheek*, 31 F.3d at 500.

Allowing a complaint to encompass allegations outside the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role as well as deprive the charged party of notice of the charge. *Id.* Because most EEOC charges are completed by lay persons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in his complaint. *Id.* at 500.

Under the test for determining whether an EEOC charge encompasses the claims in a complaint, the Title VII plaintiff has significant leeway: all Title VII claims set forth in a complaint are cognizable that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins. Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971)). The second part of the test is difficult to apply because it requires speculation as to what the EEOC might or might not discover in the course of an investigation. *Cheek*, 31 F.3d at 500. To be "like or reasonably related," the relevant claim and the EEOC charge "must, at minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501 (emphasis removed). Whether Ocholi's claim that his employment was

3

terminated because of his wife's race is within the scope of his EEOC charge is a question of law. *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

The scope of a plaintiff's EEOC charge was addressed in *Rush v. McDonald's Corp.*, 966 F.2d 1104 (7th Cir. 1992). In *Rush*, the plaintiff, who was a black woman, "made specific reference [in her EEOC charge] to her termination and then in the next sentence complained generally of racial discrimination." 966 F.2d at 1110. The question before the court was whether such an "open-ended charge can support any claims that may fall within its range." *Id*. The actual typewritten charge the plaintiff had filed with the EEOC only made reference to her termination and to her belief that she had been discriminated against because of her race. However, on the same day, the plaintiff submitted a three-page, handwritten "EEOC Affidavit," that made explicit references to the employer's allegedly discriminatory promotion policies. The determination that the plaintiff's first two claims – for racial discharge and denial of promotion – were preserved was upheld by the appellate court. However, the court agreed that the racial harassment claims were never presented to the EEOC and, therefore, were not preserved. The court held that the requirement for some specificity in a charge is not a "mere technicality." *Id*. at 1111. The court stated that "some detail, beyond a statement that 'I believe I've been discriminated against because of my race, Black' is necessary to allow the agency to perform its statutory duty." *Id*.

In Ocholi's administrative charge of discrimination, he checked the boxes indicating that he was discriminated against on the basis of "race," "color" and "national

4

origin." (Aff. Def.'s Mot. Dismiss, ¶ 2, Ex. A.) The typewritten portion of the administrative charge relates an incident that occurred in August 2008, after a chemical sprayed into Ocholi's eye. (*Id.*) Ocholi's supervisor, Dan Stills ("Stills"), made a comment regarding Ocholi's national origin and threatened to terminate his probationary employment unless Ocholi signed for receipt of SkyWest's safety policy and backdated it to the date he was hired. (*Id.*) Ocholi signed for the safety policy but he did not backdate his signature. (*Id.*) Ocholi was discharged after being accused of stealing a $1.00 bag of popcorn that had been given to him by another supervisor. (*Id.*) Ocholi states that he believes that SkyWest discriminated against him because of his national origin – Nigerian – by discharging him. (*Id.*)

Neither the boxes nor the narrative portion of Ocholi's administrative charge of discrimination mention his wife, her race, or being discharged because his wife is black. In addition, simply checking the box "race" is not enough to make the EEOC charge like or reasonably related to his employment termination claim before this Court. *See Moore*, 641 F.3d at 253. Thus, SkyWest's motion to dismiss under Rule 12(b)(6) is granted.

However, the Court notes that, in Ocholi's response to SkyWest's motion to dismiss, he discusses the chemical spray incident. Ocholi states that, when he asked to see a physician about the incident because his eyes hurt, he was told that "in America they don't go to see the doctor about things like this," and the supervisor said "do you guys go to the clinic with things like this in Africa." (Pl.'s Resp. Def.'s Mot. Dismiss 1.) That incident and comment are not mentioned in the Complaint filed in this Court.

5

If Ocholi intends to pursue the related employment discrimination claim that was the subject of the EEOC charge, he would need to amend his Complaint. The Court will give Ocholi an opportunity to file an amended Complaint that includes that allegations that were before the EEOC. *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Any amended Complaint will supercede the original Complaint. *See Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011). Therefore, if Ocholi files an amended Complaint, it must include all the allegations that he wants to pursue. Ocholi is advised that if he does not file an amended Complaint by the stated deadline, without further order of the Court, the Clerk of Court will enter judgment dismissing this action for failure to state a claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

SkyWest's motion to dismiss (Docket No. 11) is **GRANTED** with respect to the failure to state a claim under Rule 12(b)(6);

Ocholi may file an amended Complaint on or before **February 27, 2012**; and

If Ocholi fails to file an amended Complaint by the stated deadline, the Clerk of Court is **DIRECTED TO ENTER JUDGMENT**, without further order of the Court, **dismissing this action** for failure to state a claim.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

7

Case 2:11-cv-00310-RTR   Filed 01/27/12   Page 7 of 7   Document 18